# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GAS CITY, LTD., ) | Case No. 10-47879 (ERW) |
| ) | |
| Debtor. ) | Jointly Administered |
| In re: ) | Case No. 10-47895 (ERW) |
| ) | |
| THE WILLIAM J. MCENERY ) | |
| REVOCABLE TRUST DATED ) | |
| 4/22/1993., ) | |
| ) | |
| Debtor. ) | |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL ADVISORS FOR DEBTOR WILLIAM J. MCENERY REVOCABLE TRUST *NUNC PRO TUNC* TO THE PETITION DATE

This matter was heard on the Application of the William J. McEnery Revocable Trust dated 4/22/1993 (the "Trust"), for Order Authorizing Employment and Retention of Development Specialists, Inc. as Financial Advisors for the Debtor *Nunc Pro Tunc* to the Petition Date (the "Application); the Court having reviewed the Application and the Declaration of Fred C. Caruso (the "Caruso Declaration"), filed in connection with the Application; the Court having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) DSI does not hold or represent any interest adverse to the Debtor's estates, and (d) DSI is a "disinterested person" as contemplated under sections 327 of the Bankruptcy Code; the Court finding that notice of the Application and the Hearing given by the Debtor was sufficient under the circumstances; and the Court being otherwise advised in the premises and having determined

73825-0004/LEGAL19498750.1

that the legal and factual bases set forth in the Application, the Affidavit, the Declaration, and at the hearing on the Application establish just cause for the relief requested, it is:

**ORDERED** that the Application is **GRANTED** in all respects and the Trust is authorized, pursuant to sections 327 of the Bankruptcy Code, to engage DSI as financial advisor effective *nunc pro tunc* to the Petition Date and upon the terms and for the purposes set forth in the Application, in the above-captioned chapter 11 case; and it is further

**ORDERED** that any objection to the Application or the relief requested therein that have been made and not withdrawn, waived, or resolved, and all reservations of rights included in any such objection, are overruled on the merits; and it is further

**ORDERED** that notice of the Application and the Hearing was proper, timely, adequate and sufficient under the particular circumstances; and it is further

**ORDERED** that compensation of DSI for services rendered and reimbursement of expenses incurred in connection with this chapter 11 case shall be pursuant to applications to be submitted to and approved by this Court from time to time during the pendency of these chapter 11 cases, or pursuant to other orders of this Court or the Local Rules; and it is further

**ORDERED** that the Debtor and DSI are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: Chicago, Illinois
_Nov. 19_, 2010

Entered: _____
UNITED STATES BANKRUPTCY JUDGE