# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Schedules and Statements") filed by the William J. McEnery Revocable Trust dated April 22, 1993 (the "Debtor"), in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), were prepared pursuant to section 521 of Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by the Debtor and are unaudited.

The attached Schedules and Statements of Financial Affairs are based on data currently available and are subject to revision and amendment as additional information becomes available.

Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate. However, as of the date of filing, these Schedules and Statements are complete to the best of Debtor's knowledge, information and belief. These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1. Case. On October 26, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. Unless otherwise indicated, the information provided in the Schedules and Statements is as of the close of business on the Petition Date.

2. Amendments. The Debtor reserves its right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute to or assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," "undetermined," or "unliquidated." Any failure to designate a claim as "disputed," "contingent," "undetermined," or "unliquidated" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated," or "disputed."

3. Estimates and Assumptions. The preparation of the Schedules and Statements required the Debtor to make estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

4. Unknown Amounts. Some of the scheduled liabilities are unknown and

unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtor's assets or liabilities.

5. GAAP. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

6. Asset Values. It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtor's property interests. Accordingly, the asset value listed in the Schedules and Statements are generally "Unknown."  In some cases, the Debtor has included its book values for the estate assets in the Schedules and Statements.  Such values are provided for informational and identification purposes only and are not an admission of the asset value.

7. Asset Descriptions. Assets may have multiple component parts.  The component parts treated as single line items in the Debtor's books have generally been listed as single assets in the Schedules and Statements. However, the Debtor reserves the right to treat the component parts separately and/or to partition any previously undivided asset into component parts.

8. Challenge of Liens. Except as otherwise agreed by stipulation or by order of the Bankruptcy Court, the Debtor reserves the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all of its rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided on Schedule D are for informational purposes only and are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens granted to any creditor. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of such agreements. Secured Debt Balances are comprised of the Principal Balances reported as of March 31, 2010, Line of Credit Contingent Liabilities and SWAP Termination Fees, excluding interest, fees and other expenses.

9. Setoff or Recoupment Rights. The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits

posted by or on behalf of the Debtor, or inchoate statutory lien rights. Such counterparties have been listed on Schedule F.

10. Executory Contracts and Unexpired Leases. For purposes of the Schedules and Statements, the Debtor has attempted to scheduled claims all executory contracts for which the Debtor may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtor reserves all of its rights with respect to such documents, including, but not limited to, its rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way agreements, subordination agreements, non-disturbance and attornment agreements, supplemental agreements, amendment/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. In addition, in the ordinary course of business, the Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Although such contracts may not be included on Schedule G, the Debtor reserves the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtor reserves all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitutes an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtor's rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

11. Causes of Action. The Debtor reserves all of its causes of action. An omission in these Global Notes and Schedules and Statements, shall not be deemed to be a waiver of any claim or cause of action. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtor's rights with respect to its chapter 11 case, any equitable subordination claims, and/or any causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or other relevant bankruptcy or non-bankruptcy laws, including, without limitation, laws that allow the Debtor or any other party to recover assets or avoid transfers.

12. <u>Disputed. Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtor to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtor reserves the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

Neither the Debtor, its agents, nor its attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and none of these parties are or may be liable for any loss or injury arising out of or caused in whole or in part by any acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained therein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or recategorized, other than as required by the Bankruptcy Code or other applicable law. In no event shall the Debtor or its agents, attorneys or advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys and advisors are advised of the possibility of such damages.

B6 Summary (Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re **William J. McEnery Revocable Trust dated April 22, 1993**              Case No. **10-47895**
                                                       Debtor(s)               Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 12 | $75,797,737.00 | | |
| B - Personal Property | Yes | 47 | $820,979.33 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 4 | | $249,756,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 6 | | $999,562.63 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $300,000.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| TOTAL | | 76 | $76,618,716.33 | $251,055,562.63 | |