**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 27 2011

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:  )
)
)   Case No. 10 B 47879
GAS CITY, LTD.  )   Jointly Administered
)
)
)   Chapter 11
)
Debtors.  )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO PERKINS COIE, LLP, DEBTOR'S COUNSEL, FOR ALLOWANCE AND PAYMENT OF FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $401,899.00 | TOTAL COSTS REQUESTED: | $8,595.24 |
| TOTAL FEES REDUCED: | $350.00 | TOTAL COSTS REDUCED: | $2,093.50 |
| TOTAL FEES ALLOWED: | $401,549.00 | TOTAL COSTS ALLOWED: | $6,501.74 |

**TOTAL FEES AND COSTS ALLOWED: $408,050.74**

Fees and expenses as requested in Perkins Coie's Motion to Reconsider dated April 19, 2011 have been disallowed for the reasons detailed below:

1. **Insufficient Description:** The Court denies the allowance of compensation for a task when the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).[1]

2. **Meal Expenses:** The Court denies the allowance of reimbursement of meal, snack, and beverage expenses. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

Dated: April 27, 2011

Eugene R. Wedoff
United States Bankruptcy Judge

---

[1] Perkins Coie's First Interim Application dated March 21, 2011, requested $401,899.00 in fees. As detailed in the Court's March 29, 2011 Findings of Fact and Conclusions of Law regarding the First Interim Application, the Court disallowed $20,715.68 in fees for insufficient description. In its Motion to Reconsider, Perkins Coie was able to provide additional detail and description for several time entries that were reduced in the aggregate amount of $20,365.68 but did not provide additional detail and description for the remaining $350.00 in deductions for insufficient description.

1