IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION FOR ORDER PURSUANT TO SECTION 503(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
FOR ENTRY OF AN ORDER ESTABLISHING A DEADLINE FOR FILING
ADMINISTRATIVE EXPENSE CLAIM REQUESTS AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court (this "Motion"), by and through their undersigned counsel, for entry of an order in the form of **Exhibit A**, pursuant to sections 501, 502, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing a bar date for filing post-petition administrative expense claims. In further support of this Motion, the Debtors state as follows:

**Background**

1. On October 26, 2010 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases are: Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

2. On April 14, 2011, the Court entered its Order Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Fed R. Bankr. P. 2002, 6004, 6006 and 9014 (i) Authorizing and Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement with Respect Thereto, and (iii) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Leases in Connection Therewith [Docket No. 705], authorizing the Debtors to sell the assets of their gas station business to the successful bidders at the auction conducted by the Debtors on April 4, 2011.  The sale of the Debtors' gas station assets was completed on May 17, 2011, and the Debtors are now in the process of winding down the administration of their estates.

## Jurisdiction and Venue

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, the Debtors seek entry of an order (the "Proposed Order"), pursuant to section 503(a) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing July 15, 2011 (the "Administrative Claim Bar Date") as the deadline for requiring all parties asserting a claim (as such term is defined in sections 101(5) of the Bankruptcy Code) under section 503(b) (an "Administrative Expense Claim") against the Debtors or their estates arising or accrued from and after the Petition Date through and including May 17, 2011 (the "Administrative Expense Period"), but excluding (A) professional fee applications, (B) fees of the Office of the United

2

States Trustee, and (C) claims asserted or arising under section 503(b)(9) of the Bankruptcy Code (which are already subject to a bar date of January 3, 2011), to file such Administrative Expense Claims; and (ii) approving of the proposed form and manner of notice thereof.

### The Court Should Fix an Administrative Claim Bar Date

5. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may <u>timely</u> file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." <u>See</u> 11 U.S.C. § 503(a) (emphasis added). An inference can be drawn from section 503(a) that a deadline may be established for filing administrative expense claims to enable a debtor and its creditors to know what entities are asserting such claims and in what amounts. Bankruptcy Rule 3003(c) authorizes the bankruptcy court to fix a time within which proofs of claim (including requests for allowance of administrative expenses) must be filed in a chapter 11 case.

6. The circumstances of the Debtors' chapter 11 cases justify the setting of the Administrative Claim Bar Date at this time. As previously noted, the Debtors have sold virtually all of their assets and are in the process of winding down their estates. To conclude these cases in a manner that assures that all administrative expenses incurred since the Petition Date are paid, the Debtors must first determine the amount of allowable Administrative Expense Claims be determined.

### Administrative Claim Bar Date

7. The Debtors propose that a request for allowance of an Administrative Expense Claim (an "<u>Administrative Expense Claim Request</u>") first arising or accrued during the Administrative Expense Period be filed on or before July 15, 2011 at 5:00 p.m. (<u>prevailing</u>

3

Central Time) by those persons or entities asserting an Administrative Expense Claim. Pursuant to the Proposed Order, substantially in the form annexed hereto as Exhibit A, the following persons or entities (the "Excluded Entities") are **not** required to file an Administrative Expense Claim Request:

> a. any person or entity who has already properly filed an Administrative Expense Claim Request with the Court or the Debtors' court-approved claims agentt; and
>
> b. professionals retained by the Debtors or the Official Committee of Unsecured Creditors (the "Committee") under sections 327, 328, or 1103 of the Bankruptcy Code and whose Administrative Expense Claim is for services performed and reimbursements of expenses incurred in these cases.

Additionally, the Administrative Claim Bar Date shall not apply to claims arising or asserted under section 503(b)(9), as such claims are already subject to a bar date of January 3, 2011, pursuant to prior Court order. See Docket No. 227.

8. In light of the notice procedures outlined below, the Administrative Claim Bar Date will provide such claimants with sufficient time to prepare and file Administrative Expense Claim Requests.

**Proposed Procedures for Filing Administrative Expense Claims**

9. Any administrative expense claimant, other than an Excluded Entity, asserting an Administrative Expense Claim will be required to file an Administrative Expense Claim Request (as described below) so as to be received by the Debtors' claim and notice agent, Kurtzman Carson Consultants, LLC ("KCC") on or before the Administrative Claim Bar Date by U.S. mail, overnight delivery or hand delivery of the Administrative Expense Claim Request to Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245 (Attn: Gas City). The Proposed Order provides that (i) KCC will **not** accept Administrative Expense Claim Requests

4

sent by facsimile, telecopy, or electronic mail transmission; and (ii) Administrative Expense Claim Requests are deemed timely filed only if such claims are **actually received** by KCC on or before the Administrative Claim Bar Date in accordance with the requirements set forth in this Motion.

### Form of Administrative Expense Claim Request

10. Any administrative expense claimant, other than an Excluded Entity, asserting an Administrative Expense Claim will be required to file an Administrative Expense Claim Request that (i) is written in English; (ii) is denominated in lawful United States currency; (iii) sets forth with specificity the legal and factual basis for the Administrative Expense Claim; and (iv) has attached to it supporting documentation.

### Consequences of Failure to File an Administrative Expense Claim Request

11. Any holder of an Administrative Expense Claim that is required to file an Administrative Expense Claim Request in the form and manner specified herein, but fails to do so on or before the Administrative Claim Bar Date, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors and their property, and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim.

### Notice of the Administrative Claim Bar Date

12. Pursuant to Bankruptcy Rule 2002(a)(7), a bar date notice, in a form substantially similar to the notice annexed hereto as Exhibit B (the "Bar Date Notice") will be served by mail upon:

    a. the U.S. Trustee;

5

      b.      counsel for the Committee;

      c.      all known holders of claims listed on the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>") at the addresses stated therein;

      d.      all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

      e.      all parties to litigation with the Debtors (as of the date of the entry of the Proposed Order); and

      f.      all known potential creditors, other than the Excluded Entities, who may assert Administrative Expense Claims against the Debtors arising or accrued during the Administrative Expense Period; and

      g.      all parties who have requested notice pursuant to Bankruptcy Rule 2002.

13. In addition, it is in the best interests of the Debtors' estates to give notice by publication of the Administrative Claim Bar Date to certain creditors including: (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) potential creditors with claims unknown to the Debtors.

14. Pursuant to Bankruptcy Rule 2002(1), the Debtors seek authority to publish notice of the Administrative Claim Bar Date by publishing the Bar Date Notice in substantially the form annexed hereto as <u>Exhibit B</u>, with such changes as may be required for publication. The Debtors propose to publish the Bar Date Notice once in *The Wall Street Journal* (National Edition) at least twenty-five (25) days prior to the Administrative Claim Bar Date, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Bar Date Notice includes a telephone number potential claimants may call to obtain information concerning the procedures for filing an Administrative Expense Claim Request.

6

15. The Bar Date Notice and the publication procedures described herein are "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing an Administrative Expense Claim Request by the Administrative Claim Bar Date. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). It is requested that the Court find that the Bar Date Notice and the proposed procedures for mailing and publishing the Bar Date Notice constitute adequate and sufficient notice of the Administrative Claim Bar Date.

### The Proposed Notice Is Reasonable and Adequate

16. The Debtors propose that the Bar Date Notice will be mailed no later than five (5) business days after entry of the Proposed Order. By establishing July 15, 2011 as the Administrative Claim Bar Date, potential claimants will have more than the 20-day notice period required under Bankruptcy Rule 2002(a)(7) for filing proofs of claim. Such period provides ample time within which to file Administrative Expense Claim Requests.

17. Based upon the foregoing, the Debtors respectfully submit that entry of the Proposed Order facilitates the administration of the chapter 11 cases and is in the best interests of all parties in interest.

### Objections to Administrative Expense Claim Requests

18. The Debtors reserve their right to object to any Administrative Expense Claim Request on any appropriate grounds.

## **Notice**

19.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) counsel to Bank of America, NA; (d) counsel to each of the Debtors' mortgage lenders; (e) the Illinois Department of Revenue; and (f) all other parties who have appeared and requested notice of pleadings in these Chapter 11 Cases. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and grant the Debtors such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 10, 2011<br>Chicago, Illinois | **PROSKAUER ROSE LLP**<br><br>*/s/ Paul V. Possinger*<br>    Mark K. Thomas (ARDC# 6181453)<br>    Paul V. Possinger (ARDC# 6216704)<br>    Grayson T. Walter (ARDC# 6291008)<br>    Three First National Plaza<br>    70 West Madison, Suite 3800<br>    Chicago, Illinois 60602<br>    Telephone:  (312) 962-3550<br>    Facsimile:  (312) 962-3551<br><br>*Counsel for Gas City, Ltd., Debtor and Debtor in Possession*<br><br>-and-<br><br>**PERKINS COIE LLP**<br><br>*/s/ Daniel A. Zazove*<br>    Daniel A. Zazove (ARDC# 3104117)<br>    Kathleen A. Stetsko (ARDC# 6297704)<br>    131 South Dearborn Street, Suite 1700<br>    Chicago, IL 60603-5559<br>    Telephone:  (312) 324-8400<br>    Facsimile:  (312) 324-9400<br><br>*Counsel for The William J. McEnery Revocable Trust Dated 4/22/1993, Debtor and Debtor in Possession* |

## EXHIBIT A

## [PROPOSED ADMINISTRATIVE CLAIM BAR DATE ORDER]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER PURSUANT TO SECTION 503(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING A DEADLINE
FOR FILING ADMINISTRATIVE EXPENSE CLAIM REQUESTS AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion, dated June 10, 2011 (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (together, the "Debtors"), pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 503(a) of title 11 of the United States Code (the "Bankruptcy Code") requesting that the Court (i) establish July 15, 2011 (the "Administrative Claim Bar Date") as the deadline for requiring all parties asserting an Administrative Expense Claim (as such term is defined in sections 101(5) and 503(b) of the Bankruptcy Code) against the Debtors or their estates arising or accrued from and after the Petition Date through and including May 17, 2011, but excluding claims of professionals asserting fees and expenses, fees of the Office of the United States Trustee and section 503(b)(9) claims, to file Administrative Expense Claim Requests; and (ii) approve the proposed form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1]   The Debtors in these chapter 11 cases are: Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

[2]   Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and section 503(a) of the Bankruptcy Code, and except as otherwise provided herein, **July 15, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "Administrative Claim Bar Date") is established as the deadline for all persons or entities, except the Excluded Entities, asserting an Administrative Expense Claim against the Debtors or their estates arising or accrued during the Administrative Expense Period to file an Administrative Expense Claim Request against the Debtors; and it is further

**ORDERED** that all Administrative Expense Claim Requests must (i) be written in English; (ii) be denominated in lawful United States currency; (iii) set forth with specificity the legal and factual basis for the Administrative Expense Claim; and (iv) attach supporting documentation, and must be received on or before the Administrative Claim Bar Date by the official noticing and claims agent in the Debtors' chapter 11 cases, Kurtzman Carson Consultants, LC ("KCC"), by U.S. mail, overnight delivery or hand delivery of the Administrative Expense Claim Request to Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245 (Attn: Gas City); and it is further

2

**ORDERED** that Administrative Expense Claim Requests will be deemed timely filed only if **actually received** by KCC on or before the Administrative Claim Bar Date; and it is further

**ORDERED** that KCC shall **not** be required to accept Administrative Expense Claim Requests sent by facsimile, telecopy, or electronic mail transmission; and it is further

**ORDERED** that the following persons or entities are **not** required to file an Administrative Expense Claim Request:

    a. any person or entity who has already properly filed an Administrative Claim Request with the Court or KCC, which request sets forth with specificity the legal and factual basis for the Administrative Expense Claim and includes supporting documentation upon which the claimant relied to support the request; and

    b. professionals retained by the Debtors or the Official Committee of Unsecured Creditors (the "Committee") under sections 327, 328, or 1103 of the Bankruptcy Code and whose Administrative Expense Claim is for services performed and reimbursement of expenses incurred in these cases;

and it is further

**ORDERED** that the Administrative Claim Bar Date shall not apply to claims asserted or arising under section 503(b)(9) of the Bankruptcy Code, as such claims are subject to a prior bar date established by prior Court order at Docket No. 227 in these Chapter 11 Cases; and it is further

**ORDERED** that any holder of an Administrative Expense Claim against the Debtors who is required, but fails to file an Administrative Expense Claim Request in accordance with this Order on or before the Administrative Claim Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors and their property,

3

and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim; and it is further

**ORDERED** that notice of the entry of this Order and of the Administrative Claim Bar Date, in substantially the form annexed to the Motion as <u>Exhibit B</u> (the "<u>Bar Date Notice</u>"), which Bar Date Notice is approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, within five (5) business days of entry of this Order, upon

   a. the U.S. Trustee;

   b. counsel for the Committee;

   c. all known holders of claims listed on the Schedules at the addresses stated therein;

   d. all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

   e. all parties to litigation with the Debtors (as of the date of the entry of this Order);

   f. all known potential creditors, other than the Excluded Entities, who may assert Administrative Expense Claims against the Debtors arising or accrued during the Administrative Expense Period; and

   g. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 2002(1), the Debtors shall publish notice of the Bar Date by publishing a notice substantially in the form of the Bar Date Notice, which Bar Date Notice is approved in all respects, once in *The Wall Street Journal* (National Edition) at least twenty-five (25) days prior to the Administrative Claim Bar Date, which

4

publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Date; and it is further

**ORDERED** that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that the Debtors retain all rights to object to any Administrative Expense Claim Request on any grounds; and it is further

**ORDERED** that notification of the relief granted by this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with Administrative Expense Claims they may have against the Debtors in these chapter 11 cases; and it is further

**ORDERED** that entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to this Order must file such claims against the Debtors or be forever barred from asserting such claims, voting on any chapter 11 plan, and from receiving any payment or distribution of property from the Debtors, the Debtors' estates, or their successors or assigns with respect to such claims.

Document      Page 16 of 20

**ENTERED:** _____
HON. PAMELA HOLLIS
UNITED STATES BANKRUPTCY JUDGE

Dated: June __, 2011
      Chicago, Illinois


Prepared by:

**PROSKAUER ROSE LLP**
Mark K. Thomas (ARDC# 6181453)
Paul V. Possinger (ARDC# 6216704)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel for Gas City, Ltd.,*
*Debtor and Debtor in Possession*

-- and --

**PERKINS COIE LLP**
Daniel A. Zazove (ARDC# 3104117)
Kathleen A. Stetsko (ARDC# 6297704)
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400

*Counsel for The William J. McEnery Revocable Trust Dated 4/22/1993,*
*Debtor and Debtor in Possession*

1113/32288-003 Current/23583085v1                                              06/10/2011 2:43 pm

## EXHIBIT B

## [PROPOSED BAR DATE NOTICE]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**NOTICE OF BAR DATE FOR FILING ADMINISTRATIVE EXPENSE
CLAIM REQUESTS AGAINST THE DEBTORS FOR THE
PERIOD OCTOBER 26, 2010 THROUGH MAY 17, 2011**

TO ALL PERSONS AND ENTITIES WITH POTENTIAL ADMINISTRATIVE CLAIMS AGAINST GAS CITY, LTD. AND THE WILLIAM J. MCENERY REVOCABLE TRUST DATED APRIL 22, 1993.:

PLEASE TAKE NOTICE that on June ___, 2011, the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), having jurisdiction over the chapter 11 cases of Gas City, Ltd. and The William J. McEnery Revocable Trust Dated April 22, 1993, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), entered an order establishing **July 15, 2011 at 5:00 p.m. (prevailing Central Time)** (the "Administrative Claim Bar Date") as the last date and time for creditors (each an "Administrative Expense Claimant") asserting claims against the Debtors with respect to any administrative expense (each an "Administrative Expense Claim") that arose or accrued on or between October 26, 2010 and May 17, 2011 (the "Administrative Expense Period"), but excluding professional fee applications and fees of the Office of the United States Trustee, to file requests for allowance of such Administrative Expense Claims (an "Administrative Expense Claim Request") with Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' noticing and claims agent, at the following address:  Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245 (Attn Gas City).

**KCC may be contacted at 866-381-9100 if there are questions with respect to this Notice.  KCC is not permitted to provide legal advice to claimants.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST.**

---

[1] The Debtors in these chapter 11 cases are:  Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST**

You **MUST** file an Administrative Expense Claim Request if you are an Administrative Expense Claimant entitled to an Administrative Expense Claim that arose during the Administrative Expense Period, and you do not fit into the categories described in section 2 below.

2. **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST**

You need not file an Administrative Expense Claim Request if:

   a. you already properly filed an Administrative Expense Claim Request with the Court or with KCC, which request sets forth with specificity the legal and factual basis for the Administrative Expense Claim and includes supporting documentation upon which you relied to support your request; or

   b. you are a professional retained by the Debtors or the Official Committee of Unsecured Creditors under sections 327, 328, or 1103 of title 11 of the United States Code and you are asserting an Administrative Expense Claim for services performed and reimbursements of expenses incurred in these cases.

Additionally, claims arising or asserted under section 503(b)(9) are subject to a prior bar date of January 3, 2011, and thus are not subject to the Administrative Claim Bar Date.

**YOU SHOULD NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM REQUEST IF YOU DO NOT HAVE AN ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVES THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM.**

3. **WHEN AND WHERE TO FILE**

All Administrative Expense Claim Requests must be filed so as to be **received** on or before **July 15, 2011 at 5:00 p.m. (prevailing Central Time)** at the following address:

> Gas City, Ltd. et al
> c/o Kurtzman Carson Consultants
> 2335 Alaska Avenue

El Segundo, CA 90245

Administrative Expense Claim Requests will be deemed timely filed only if **actually received** by KCC on or before the Administrative Claim Bar Date. Administrative Expense Claim Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

4. **WHAT TO FILE**

If you file an Administrative Expense Claim Request, your Administrative Expense Claim Request must (i) be written in English; (ii) be denominated in lawful United States currency; (iii) set forth with specificity the legal and factual basis for the Administrative Expense Claim; and (iv) attach to it supporting documentation.

5. **CONSEQUENCES OF FAILURE TO FILE AN ADMINSITRATIVE EXPENSE CLAIM REQUEST BY THE ADMINISTRATIVE CLAIM BAR DATE**

Except with respect to the parties set forth in section 2 above, any party that fails to file an Administrative Expense Claim Request on or before the Administrative Claim Bar Date will be forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtors and their property, and the Debtors and their property will be discharged from all indebtedness or liability with respect to any such claim.

| DATED: _____, 2011<br>Chicago, Illinois | BY ORDER OF THE COURT |
|---|---|

Proskauer Rose LLP
70 West Madison, Suite 3800
Chicago, IL 60606

and

Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559

*Counsel for the Debtors and Debtors-In-Possession*