# **EXHIBIT A**

Dismissal Procedures Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER
APPROVING PROCEDURES FOR (I) THE DISTRIBUTION OF
REMAINING FUNDS UNDER GLOBAL SETTLEMENT AGREEMENT
AND (II) THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code, approving procedures for (i) the distribution of remaining funds under the Global Settlement Agreement, and (ii) the dismissal of the Debtors' Chapter 11 Cases; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Debtors' calculation of the Section 507(b) Claim as set forth in the Motion and in the Working Capital Report is accurate in all respects, and BofA is entitled to a Section 507(b) Claim in the amount of $827,000.

---

[1] The Debtors in these chapter 11 cases are: Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

B. The costs that comprise the Proposed BofA Reimbursement would not have been incurred by the Debtors absent the marketing and sale of the Debtors' Stations. The allocation of these costs to the Station Proceeds, as opposed to the Working Capital of Gas City, is therefore fair and equitable and consistent with the provisions of the Global Settlement Agreement. The payment of the Proposed BofA Reimbursement to BofA from the Station Proceeds is therefore just and proper.

C. The Distribution Guidelines outlined in the Motion with respect to distribution of the Unsecured Creditor Pool to holders of Gas City Unsecured Claims (after payment of the Section 507(b) Claim) will permit the fair, equitable and expedient distribution of the Unsecured Creditor Pool accordance with the terms of the Global Settlement Agreement.

D. Other than the Unencumbered Proceeds, which are to be distributed in accordance with the Global Settlement Agreement, the Debtors have no unencumbered assets remaining to be liquidated.

E. The facts and history of these Chapter 11 Cases indicate that: (i) if the Chapter 11 Cases are not dismissed, then the Debtors' estates will incur losses and diminish in value; and (ii) there is no reasonable likelihood that the Debtors will be rehabilitated.

F. The Debtors lack sufficient funds to formulate, confirm or effectuate a chapter 11 plan that meets the requirements of section 1129 of the Bankruptcy Code. Moreover, even if the Debtors were able to propose a liquidating or other chapter 11 plan, the costs of drafting, soliciting acceptances to and attempting to confirm a chapter 11 plan would delay and diminish the distribution of estate assets to the Debtors' creditors as compared to the Dismissal Procedures proposed by the Debtors.

G. Upon the filing of a Certification of Counsel and Request for Dismissal in accordance with the Distribution and Dismissal Procedures approved herein, cause (as such term

is defined in section 1112(b) of the Bankruptcy Code) will exist to dismiss these Chapter 11 Cases.

      H.      Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code is not likely to yield any greater recovery to the Debtors creditors' or result in any additional benefit to the estates or creditors than what they will realize from dismissal.

      I.      Dismissing these Chapter 11 Cases in accordance with the Dismissal Procedures approved herein is in the best interests of the Debtors, their estates, creditors and parties in interest.

      J.      Cause exists to modify the effects of section 349 of the Bankruptcy Code, as set forth in the Motion and herein.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted as set forth herein.

2. The Dismissal Procedures, are hereby approved.

3. The Section 507(b) Claim in favor of BofA is hereby allowed in the amount of $827,000.

4. The Debtors are authorized to distribute the remaining Station Proceeds in their possession and any remaining proceeds of the Gas City working capital assets as follows:

    a.    <u>Station Lender Holdback</u>: The Debtors are authorized (i) to pay to BofA the Proposed BofA Reimbursement from the Station Lender Holdback, and (ii) distribute the balance of the Station Lender Holdback upon the final determination of all real estate taxes accrued through the respective closing dates of each of the Station sales.

    b.    <u>BofA Holdback</u>: The Debtors are authorized to distribute the BofA Holdback for payment of the Personal Property Taxes. The balance of the

3

      Personal Property Taxes, in the amount of $12,470, may be paid from BofA's share of the Station Lender Holdback.

  c. Unsecured Creditor Pool:  The Debtors are authorized to distribute (i) $897,000 of the Unsecured Creditor Pool to BofA on account of the Section 507(b) Claim, and (ii) $564,000 on a pro rata basis to holders of allowed general unsecured claims against Gas City under the Distribution Guidelines approved hereby, each in accordance with the Global Settlement Agreement.

  d. Unencumbered Proceeds:  The Debtors are authorized to distribute (i) $783,757.50 to the IDOR, (ii) $675,000 to the Administrative Claim Pool, and (iii) $108,757.50 on a pro rata basis to the Station Lenders, each in accordance with the Global Settlement Agreement.

  e. Administrative Claim Pool:  The Debtors shall use the funds in the Administrative Claim Pool to satisfy all allowed, timely filed administrative expense claims and all other administrative expenses that either have been incurred to date and not paid, or that are incurred prior to entry of the Dismissal Orders

  f. Gas City Working Capital:  Proceeds of Gas City's remaining uncollected accounts receivable and other intangible assets will be collected by Gas City and periodically remitted to BofA.

  5. The Debtors will make the distributions to holders of allowed general unsecured prepetition claims against Gas City (the "Gas City Unsecured Claims") from the Unsecured Creditor Pool pursuant to the terms of the Global Settlement Agreement and in accordance with the following guidelines (the "Distribution Guidelines"):

4

    (a)    the Debtors shall be authorized to make a single pro rata distribution of the funds held in the Unsecured Creditor Pool to holders of Gas City Unsecured Claims;

    (b)    the Debtors shall withhold from making any distribution on account of a Gas City Unsecured Claim where such distribution would be for the amount of $20 or less;

    (c)    any distributed check that has not been claimed and/or cashed within 45 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor; and

    (d)    any funds remaining in the Unsecured Creditor Pool after the expiration of the Check Cashing Period shall be redistributed to holders of Gas City Unsecured Claims whose initial distribution checks have been cashed.

6.    After all distributions to holders of Gas City Unsecured Claims are made, but before the Certification of Counsel and Request for Dismissal (defined below) is filed, the Debtors will schedule a final fee hearing and the case professionals will each file a final request for allowance and payment of all fees and expenses incurred during these cases.

7.    After all distributions have been made in accordance with the Distribution Guidelines, final fee and expense applications have been adjudicated and all accrued and as yet unpaid fees owing to the Office of the United States Trustee ("UST Fees") have been paid, the Debtors shall file a certification of counsel and request for entry of dismissal orders, substantially in the form annexed to the Motion as Exhibit E (the "Certification of Counsel and Request for Dismissal"), which, among other things, will: (a) verify that all claim objections have been resolved; (b) verify that all distributions approved hereby have been made; (c) confirm that all accrued UST Fees have been paid; and (d) request entry of the Dismissal Orders (defined below).

8.    Upon the filing of a Certification of Counsel and Request for Dismissal, the Court shall enter orders (i) substantially in form annexed to the Motion as Exhibit B-1 with respect to Gas City (the "Gas City Dismissal Order") and (ii) substantially in the form annexed to the

5

Motion as Exhibit B-2 with respect to the Trust (the "Trust Dismissal Order," and together with the Gas City Dismissal Order the "Dismissal Orders").

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

12. All orders entered in these Chapter 11 Cases, including this Order, prior to the date of dismissal shall remain in full force and effect for purposes of *res judicata* and otherwise, notwithstanding section 349 of the Bankruptcy Code.

13. No reinstatement or revesting of assets of the Debtors or their estates under section 349 of the Bankruptcy Code shall occur upon the entry of the Dismissal Orders or the dismissal of the Chapter 11 Cases.

14. Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

15. The Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation of this Order, the Dismissal Orders, or any other order of this Court entered in these Chapter 11 Cases.

16. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

**Enter:**

_____
HON. EUGENE R. WEDOFF
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2011
      Chicago, Illinois

Prepared by:

**PROSKAUER ROSE LLP**
Mark K. Thomas (ARDC# 6181453)
Paul V. Possinger (ARDC# 6216704)
Grayson T. Walter (ARDC# 6291008)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel for Gas City, Ltd.,
Debtor and Debtor in Possession*