## **EXHIBIT B-2**

Trust Dismissal Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER DISMISSING THE CHAPTER 11 CASE OF THE
WILLIAM J. MCENERY REVOCABLE TRUST DATED 4/22/1993**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 Case (the "Trust Case") of the William J. McEnery Revocable Trust Dated 4/22/1993 (the "Trust"); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and pursuant to this Court's *Order Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Unsecured and Administrative Expense Priority Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases* (the "Dismissal Procedures Order") [*Docket No.* ___]; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] The Debtors in these chapter 11 cases are: Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion and the Dismissal Procedures Order, as applicable.

A.        On _____, 2011, counsel for the Trust filed a Certification of Counsel and Request for Dismissal in accordance with the Dismissal Procedures Order certifying with respect to the Trust and the Trust Case that all distributions have been made in accordance with the Global Settlement Agreement and Distribution Guidelines, final fee and expense applications have been adjudicated and all accrued and as yet unpaid fees owing to the Office of the United States Trustee have been paid, and that the Trust has no unencumbered assets remaining to be liquidated.

B.        The facts and history of the Trust Case indicate that: (i) if the Trust Case is not dismissed, then the Trust's estate will incur losses and diminish in value; and (ii) there is no reasonable likelihood that the Trust will be rehabilitated.

C.        The Debtors lack sufficient funds to formulate, confirm or effectuate a chapter 11 plan that meets the requirements of section 1129 of the Bankruptcy Code.

D.        In light of the findings set forth in paragraphs A through C above, cause (as such term is defined in section 1112(b) of the Bankruptcy Code) exists to dismiss the Trust Case.

E.        Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code is not likely to yield any greater recovery to the Debtors' creditors or result in any additional benefit to the estates or creditors than what they will realize from dismissal.

F.        Dismissing the Trust Case is in the best interests of the Trust, its estate, creditors and parties in interest.

G.        Cause exists to modify the effects of section 349 of the Bankruptcy Code, as set forth in the Motion and herein.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.        The Motion is granted as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Trust Case is hereby dismissed.

3. The Trust is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. Except to the extent modified or vacated hereby, all orders entered in these Chapter 11 Cases, including this Order, prior to the date of dismissal shall remain in full force and effect for purposes of *res judicata* and otherwise, notwithstanding section 349 of the Bankruptcy Code.

6. No reinstatement or revesting of assets of the Trust or its estate under section 349 of the Bankruptcy Code shall occur upon the entry of this Order.

7. Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Trust Case shall remain in full force and effect, shall be unaffected by the dismissal of the Trust Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

8. Any and all motions, notices, objections, responses, adversary proceedings, contested matters or other pleadings or filings concerning the Trust made during the course of the Trust Case that have not been decided prior to the date hereof are denied, dismissed and/or overruled with prejudice.

9. The Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation of this Order or any other order of this Court entered in the Trust Case.

10. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

**Enter:**

_____
HON. EUGENE R. WEDOFF
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2011
      Chicago, Illinois

Prepared by:

**PROSKAUER ROSE LLP**
Mark K. Thomas (ARDC# 6181453)
Paul V. Possinger (ARDC# 6216704)
Grayson T. Walter (ARDC# 6291008)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel for Gas City, Ltd.,*
*Debtor and Debtor in Possession*

4