# FILED

SEP 28 2011

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                                    )
                                          )
                                          )          Case No. 10 B 47879
        GAS CITY, LTD., et. al.           )
                                          )
                                          )
                                          )          Chapter 11
        Debtors.                          )
_____   )

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO PROSKAUER ROSE LLP, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $256,853.50 | TOTAL COSTS REQUESTED: | $3,299.74 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $2,376.52 |
| TOTAL FEES ALLOWED: | $256,853.50 | TOTAL COSTS ALLOWED: | $923.22 |

### TOTAL FEES AND COSTS ALLOWED: $257,776.72

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(3)     Reimbursement Limited to Actual, Necessary Expenses**
        The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. See 11 U.S.C. §§ 330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

**(4)     Insufficient Description**
        The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(11)    Overhead Costs are Non-Compensable**
        The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)).

**(12)    Clerical Work Not Compensable**
        The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such

1

as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: September 28, 2011

Eugene R. Wedoff
United States Bankruptcy Judge

2

**PROSKAUER ROSE LLP**
GAS CITY LTD.

**MATTER NAME: EXPENSES**
**MATTER NUMBER: 32288.0018**

DETAIL DESCRIPTION OF SERVICES RENDERED:

**DISBURSEMENTS AND CHARGES**

| Description | Amount | |
|---|---|---|
| REPRODUCTION | $1,186.70 | — $1,186.70 |
| FAX | $2.00 | — $ 2.00 |
| WORD PROCESSING | $55.00 | — $ 55.00 |
| PROOFREADING | $22.50 | — $ 22.50 |
| FILING AND COURT COSTS | $26.00 | |
| LITIGATION SUPPORT/DOCKETING | $370.40 | |
| PROFESSIONAL SERVICES | $1,100.00 | — $ 1,100.00 |
| LONG DISTANCE TELEPHONE | $127.74 | |
| POSTAGE | $1.28 | |
| MESSENGER/DELIVERY | $301.27 | |
| OTHER DATABASE RESEARCH | $10.32 | — $ 10.32 |
| TELEPHONE | $96.53 | |
| **TOTAL** | **$3,299.74** | — $ 2,376.52 |