**FILED**

**JAN 31 2012**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10 B 47879 |
| GAS CITY, LTD., ET AL., ) | |
| ) | Chapter 11 |
| Debtors. ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO PERKINS COIE LLP, ATTORNEYS FOR THE WILLIAM J. MCENERY REVOCABLE TRUST, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $91,462.75 | TOTAL COSTS REQUESTED: | $567.07 |
| TOTAL FEES REDUCED: | $156.00 | TOTAL COSTS REDUCED: | $456.92 |
| TOTAL FEES ALLOWED: | $91,306.75 | TOTAL COSTS ALLOWED: | $110.15 |

### TOTAL FEES AND COSTS ALLOWED: $91,416.90

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(3)   **Reimbursement Limited to Actual, Necessary Expenses**
The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

(4)   **Insufficient Description**
The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

(7)   **Lumping**
The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

Dated: January 31, 2012

Eugene R. Wedoff
United States Bankruptcy Judge

| Date | Attorney/Assistant | Hours | Description of Services |
|---|---|---|---|
| 09/07/11 | D. Zazove | 1.90 | regarding reinstatement of Black Tie Sanitation and Black Tie Events; Review proposed exhibits to Black Tie Assignee's sale contract (.5); email correspondence with S. Towbin regarding same (.2) telephone call (.2) and email (.1) with D. Marshall regarding the execution and delivery of conveyance documents; revise draft motion to designate agent for same (.3); telephone call with F. Caruso regarding service in that capacity (.3); telephone call with C. Ruzich to discuss the sale of quitclaim of a covenant restriction for the Orland Park vacant lot sold by the trust pre-petition (.3); |
| 09/07/11 | N. Fahrer | 1.00 | Office conference with D. Zazove regarding release and conveyance documents for Deed In Lieu of Foreclosures and related transactions (.2); telephone conference with K. Stetsko regarding same (.1); draft conveyance documents (.3); review Deed In Lieu of Foreclosure Agreement (.4); |
| 09/07/11 | K. Stetsko | 3.40 | Call with F. Lammiman regarding Old Second deed (.3); draft motion for authorization to sign closing documents (2.6); conference with B. Factor, D. Marshall, B. McEnery regarding closing document execution (.5); |
| 09/08/11 | K. Crane | 0.40 | Telephone conference with P. Meegan regarding execution of consents and assignments and name change documents; |
| 09/08/11 | K. Crane | 0.20 | Office conference with B. Heacock regarding preparing execution documents for P. Meegan; |
| 09/08/11 | K. Crane | 0.50 | Review Jones note (.3); telephone conference with C. Pierce (.1) and D. Zazove (.1) regarding request for releases; |
| 09/08/11 | D. Zazove | 0.60 | Telephone call with S. Towbin regarding the consent of Standard Bank to the Assignee's sale of its collateral (.3); revise draft motion and order to transfer vacant property to Old National Bank by deed-in-lieu (.3); |
| 09/08/11 | K. Stetsko | 1.90 | Draft, finalize and file motion to approve Integra deed-in-lieu (1.8); correspondence with S. Hartmann regarding vacant land (.1); |
| 09/08/11 | B. Heacock | 0.50 | Conference with K. Crane regarding trust agreements and name change amendments (.3); finalize consents and amendments (.1); prepare email to client forwarding same for execution (.1); |
| 09/09/11 | K. Crane | 0.50 | Review email regarding consent of Standard Bank and review language of APA regarding use of cash collateral to repay deposit (.3); email to D. Zazove and F. Caruso (.2);    - .2 x $550 = $110 |
| 09/09/11 | D. Zazove | ④ 4.90 | Draft Standard Bank's consent to sale and use of collateral for the Black Tie Sale (1.5); telephone call with F. Caruso and C. Pierce regarding same (.5); subsequent call with F. Caruso regarding revisions (.1); revise consent (.4); prepare assignment of WJM Leasing claim to Standard Bank (.7); email correspondence Caruso regarding same (.2); telephone calls and email correspondence with H. Samuels (.1), S. Towbin (.2), F. Caruso (.4), P. Meegan (.1), W. Factor (.5) all regarding the form of the consent from Standard Bank and the funding requirements of the assignment; email correspondence with K. Crane who confirms that the APA consents to the use of the deposit (.2); |
| ⑦ 09/12/11 | K. Crane | 0.20 | Review Standard Bank consent and office conference with D. Zazove regarding use of cash collateral to repay deposit;   - .( x .2 x $550 = $// |
| 09/12/11 | D. Zazove | 1.40 | Telephone call with P. Meegan regarding additional conditions by the Assignee's counsel and Standard Bank (.4); revise Standard consent form (.5); email correspondence with S. Towbin, P. Meegan regarding moving forward with same (.5); |
| 09/13/11 | K. Crane | 0.40 | Telephone conference with P. Meegan regarding lenders' consents and timing of assignment; |
| 09/13/11 | D. Zazove | 2.00 | Telephone call (.2) and extensive email correspondence with S. Towbin (7X) regarding the ABC for Black Tie entities, the consents of the lenders, the form of notice and ads, (1.3); telephone call with F. Caruso re same (.2); brief conference with K. Crane regarding sale |

Page 3

**0004.0012 - reimbursable costs and expenses**
**Disbursements and Other Charges**

(3) Photocopying and printing expenses  *cost/copy?*  −$106.92
Messenger charges  48.30
(4) Professional services -
  Joseph A Schudt & Associates, 5/2011  −$350.00

Disbursement and Other Charges Total  $505.22

**Total This Matter**  **$505.22**

**0004.0011 - Claim allowance and disputes**

| Date | Attorney/Assistant | Hours | Description of Services |
|---|---|---|---|
| 11/03/11 | K. Stetsko | 2.70 | Draft station 151 mediation statement; |
| 11/04/11 | K. Stetsko | 0.30 | Update station 151 mediation statement; |
| 11/07/11 | D. Zazove | 1.00 | Revise 151 mediation statement and schedule of exhibits; |
| 11/07/11 | M. Kupka | 1.00 | Preparation of proposed joint exhibit binder for mediation; |
| 11/07/11 | K. Stetsko | 1.80 | Revise, finalize and submit mediation statement and exhibits on station 151; |
| 11/11/11 | D. Zazove | 1.50 | Prepare for #151 mediation; |
| 11/14/11 | D. Zazove | 7.10 | Review Conway analysis of remaining funds and obligations (.4); prepare for and participate in the mediation of the Gas City- First Community dispute over station #151 sale proceeds (6.0); telephone call with M. Thomas and P. Possinger to discuss the settlement discussions (.4); review Gas City updated analysis of proceed distribution with assumptions of mediation recovery scenarios (.3); |
| ⓐ 11/14/11 | K. Stetsko | 6.40 | Attend mediation on station 151 (5.9); prepare for mediation on station 151 (.4); *[handwritten: 5.9 + .4 = 6.3  0.1?  -.1 x 350 = -$35]* |
| 11/16/11 | D. Zazove | 1.90 | Conference with C. McManus regarding the 151 mediation (.7); calls with the mediator regarding the trust's position on the last offer (.8); email correspondence and telephone call with P. Possinger settlement posture (.4); |
| 11/17/11 | D. Zazove | 0.20 | Email correspondence with P. Possinger regarding the status of the re-cast settlement among the station lenders, Bank of America and the committee; |
| 11/17/11 | D. Zazove | 0.50 | Email correspondence with P. Possinger, A. Kindorf to determine First Communities insurable loss net of taxes tip and tolls from a settlement of $450,000; |
| 11/21/11 | D. Zazove | 0.30 | Telephone calls with M. Thomas (.1), R. Barliant (.1) and email with C. McManus (.1) regarding the bid and ask for the settlement on station #151 dispute; |
| 11/23/11 | D. Zazove | 0.50 | Email correspondence with C. McManus, R. Barliant, P. Possinger etal regarding settlement offer from the Title Company; |
| 11/28/11 | D. Zazove | 1.30 | Email correspondence with R. Barliant regarding additional mediation (.1); telephone call with P. Possinger regarding same (.2); telephone call with R. Barliant (.3); conference call with R. Barliant and C. McManus to further explore settlement (.5); telephone call and email with P. Possinger regarding same (.2); |
| 11/29/11 | D. Zazove | 0.50 | Telephone calls with P. Possinger (.2) and R. Barliant (.3) regarding the attempted resolution of the 151 dispute by mediation and the minimum acceptable settlement amount; |

|  |  |
|---|---|
| Total For Services | $13,029.00 |
| **Total This Matter** | **$13,029.00** |

**SUMMARY OF SERVICES:**

| Attorney/Assistant | Hours Worked | Billing Rate | Total |
|---|---|---|---|
| D. Zazove | 14.80 | 605.00 | 8,954.00 |
| K. Stetsko | 11.20 | 350.00 | 3,920.00 |
| M. Kupka | 1.00 | 155.00 | 155.00 |
| Total | 27.00 | 482.56 | $13,029.00 |

**TOTAL SUMMARY OF SERVICES:**

| Attorney/Assistant | Hours Worked | Billing Rate | Amount |
|---|---|---|---|
| N. Fahrer | 1.80 | 460.00 | 828.00 |