# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAS CITY, LTD., *et al.*,[1] | ) | Case No. 10-47879 (ERW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER DISMISSING THE CHAPTER 11 CASE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 Case (the "Gas City Case") of Debtor Gas City, Ltd. ("Gas City"); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and pursuant to this Court's *Order Approving Procedures for (I) the Distribution of Remaining Funds Under Global Settlement Agreement and (II) the Dismissal of the Debtors' Chapter 11 Cases* (the "Dismissal Procedures Order") [*Docket No. 1220*]; and after due deliberation and sufficient cause appearing therefor:

---

[1] The Debtors in these chapter 11 cases are: Gas City, Ltd. and The William J. McEnery Revocable Trust Dated 4/22/1993.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion and the Dismissal Procedures Order, as applicable.

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  On April 25, 2012, counsel for Gas City filed a Certification of Counsel and Request for Dismissal in accordance with the Dismissal Procedures Order certifying with respect to Gas City and the Gas City Case that all distributions have been made in accordance with the Global Settlement Agreement and Distribution Guidelines, final fee and expense applications have been adjudicated and all accrued and as yet unpaid fees owing to the Office of the United States Trustee shall promptly be paid, and that Gas City has no unencumbered assets remaining to be liquidated.

B.  The facts and history of the Gas City Case indicate that: (i) if the Gas City Case is not dismissed, then Gas City's estate will incur losses and diminish in value; and (ii) there is no reasonable likelihood that Gas City will be rehabilitated.

C.  The Debtors lack sufficient funds to formulate, confirm or effectuate a chapter 11 plan that meets the requirements of section 1129 of the Bankruptcy Code.

D.  In light of the findings set forth in paragraphs A through C above, cause (as such term is defined in section 1112(b) of the Bankruptcy Code) exists to dismiss the Gas City Case.

E.  Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code is not likely to yield any greater recovery to the Debtors creditors' or result in any additional benefit to the estates or creditors than what they will realize from dismissal.

F.  Dismissing the Gas City Case is in the best interests of Gas City, its estate, creditors and parties in interest.

G.  Cause exists to modify the effects of section 349 of the Bankruptcy Code, as set forth in the Motion and herein.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted as set forth herein

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Gas City Case is hereby dismissed.

3. Gas City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. Except to the extent modified or vacated hereby, all orders entered in these Chapter 11 Cases, including this Order, prior to the date of dismissal shall remain in full force and effect for purposes of *res judicata* and otherwise, notwithstanding section 349 of the Bankruptcy Code.

6. No reinstatement or revesting of assets of Gas City or its estate under section 349 of the Bankruptcy Code shall occur upon the entry of this Order, and section 349 of the Bankruptcy Code shall be of no force and effect. Upon entry of this Order, all remaining Working Capital assets of Gas City (including, without limitation, uncollected accounts receivable and unliquidated inventory, if any) shall be deemed to be irrevocably assigned to Bank of America. Bank of America shall be authorized to take any actions reasonably necessary to collect the remaining Working Capital assets.

7. Any and all proceeds or recoveries from any remaining non-Working Capital assets of Gas City, including, but not limited to, any deposits and any and all personal property of Gas City located at 2884 N. U.S. Road 421 and I-94, Michigan City, IN 46360, shall be distributed to Bank of America, free and clear of any liens, claims, encumbrances or interests, and Gas City shall execute any documentation that Bank of America reasonably believes is necessary to collect any such assets, or evidence the transfer of title to any such assets to Bank of

America or its assignees. Additionally, Bank of America shall be authorized to take any actions reasonably necessary to collect any remaining non-Working Capital assets of Gas City.

8.   Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Gas City Case shall remain in full force and effect, shall be unaffected by the dismissal of the Gas City Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

9.   Any and all motions, notices, objections, responses, adversary proceedings, contested matters or other pleadings or filings concerning Gas City made during the course of the Gas City Case that have not been decided prior to the date hereof are denied, dismissed and/or overruled with prejudice.

10.  The Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation of this Order or any other order of this Court entered in the Gas City Case.

11.  To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry

12.  The Debtor shall promptly file its final monthly operating reports and promptly thereafter pay any unpaid fees due and owing to the United States Trustee pursuant to 28 U.S.C. § 1930.

Enter:

_____
HON. EUGENE R. WEDOFF
UNITED STATES BANKRUPTCY JUDGE

Dated: April 25, 2012
Chicago, Illinois

Prepared by:

**PROSKAUER ROSE LLP**
Mark K. Thomas (ARDC# 6181453)
Paul V. Possinger (ARDC# 6216704)
Grayson T. Walter (ARDC# 6291008)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel for Gas City, Ltd.,*
*Debtor and Debtor in Possession*